Argued March 2, affirmed March 30, 1955

# STATE OF OREGON *v.* PIRKEY

281 P. 2d 698

*Walter D. Nunley,* of Medford, District Attorney for Jackson County, argued the cause and filed a brief for appellant.

*Edward C. Kelly,* of Medford, argued the cause and filed a brief for respondent.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN, LUSK, BRAND and LATOURETTE, Justices.

BRAND, J.

On the 28th day of May, 1953, the defendant Walter Pirkey was charged by an indictment of the grand jury with the crime of drawing a bank check with insufficient funds in the bank with which to pay the check in full. The indictment specified that the defendant drew the check unlawfully and feloniously with intent to defraud. The date of the alleged crime was 9 April 1953. The indictment was drawn under and pursuant

to the provisions of Oregon Laws 1949, Chapter 129, Section 1, which reads as follows:

"Any person who, for himself or as the agent or representative of another, or as an officer, agent or employe of a corporation, and on behalf thereof, shall wilfully, with intent to defraud, make or draw, or utter or deliver any check, draft or order upon any bank or other depository, for the payment of money, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer, or his principal, or the corporation, has not sufficient funds in, or credit with said bank or other depository for the payment of such check, draft or order, in full upon its presentation, although no express representation is made that there are sufficient funds in or credit with such bank or other depository for its payment in full upon presentation, shall be guilty of a crime and may be proceeded against either as for a misdemeanor or as for a felony, in the discretion of the grand jury or the magistrate to whom complaint is made, or before whom the action is tried, as the case may be; and upon conviction thereof, if proceeded against as for or convicted of a misdemeanor, shall be punished by imprisonment in the county jail for not more than one year, or by a fine of not to exceed one thousand dollars ($1,000), or by both such fine and imprisonment, or, if proceeded against as for and convicted of a felony, shall be punished by imprisonment in the penitentiary for not more than five years. If a person be proceeded against hereunder as for a misdemeanor, justice's courts, district courts and circuit courts shall have concurrent jurisdiction of such crime."

This statute has been carried forward into the Oregon Revised Statutes and now appears as ORS 165.225. However, a comparison of the 1949 statute, quoted supra, with the provisions of ORS 165.225, indicates that certain changes have been made in the Revised

Statutes, which may, perhaps, involve a substantial change in the statute. The offense charged occurred prior to the adoption of Oregon Revised Statutes and we therefore have no occasion to construe the provisions of ORS 165.225. Our concern is with provisions of the 1949 law.

The brief of counsel for the State of Oregon inadvertently sets forth the statute as it appears in Oregon Revised Statutes, rather than in the 1949 session laws. To this indictment the defendant filed a demurrer

"upon the ground and for the reason that said indictment, being based under Chapter 129, Oregon Laws 1949, fails to state facts sufficient to charge a crime, the said Chapter 129 being invalid and unconstitutional in its provisions as violating the provisions of the Constitution of the State of Oregon and of the United States of America, with reference to due process and equal protection of the laws and being so indefinite and uncertain in the penal provisions thereof as between committing magistrate, presiding judge and grand jury as to be void for such indefiniteness and uncertainty and such provision being an unconstitutional and invalid delegation of authority to a grand jury and committing magistrate."

The demurrer was sustained by the trial court and the indictment was dismissed. The State of Oregon appeals.

The first part of the statute under which the indictment was brought clearly defines with sufficient definiteness the specific acts which are purportedly made punishable by that statute. The portion of the statute against which the attack is made is that which provides that when a person has done the specific act or acts prohibited by statute, he may be proceeded against either as for a misdemeanor or as for a felony in the discretion of the grand jury or the magistrate to

whom complaint is made or before whom the action is tried.

We shall first assay the difficult task of determining the legislative intent from the words of the statute. In all criminal prosecutions the accused shall have the right "to demand the nature and cause of the accusation against him * * *." Oregon Constitution, Article I, Section 11. Under the statute the accused is to be "proceeded against", either by indictment or by information. In either case the charge contained in such instrument must specify the nature of the accusation. An accusation of a felony surely differs in nature from an accusation for a misdemeanor. Therefore we conclude that the charge upon which the defendant is to be tried must specify whether he is accused of committing a misdemeanor or a felony. We must therefore assume that the "discretion" is vested only in the person or persons who present the charge upon which the defendant is to be tried.

The question for determination is the constitutionality of the statute. The prosecution urges upon our consideration the general rule that statutes are presumed to be constitutional and will be invalid only if the unconstitutionality appears beyond a reasonable doubt. *State v. Anthony,* 179 Or 282, 169 P2d 587. Secondly it argues that the guaranty of equal protection of the laws admits of the exercise of a wide scope of discretion in classification. *Foeller v. Housing Authority of Portland,* 198 Or 205, 256 P2d 752. It is contended that the legislature has vested only a reasonable discretion in the statute which authorizes the filing of either a charge for misdemeanor or a charge for felony, and, further, that the due process and equal protection clauses do not guarantee to the citizens of the state any particular form or method of state

procedure. With the general tenor of the authorities cited by the plaintiff upon these points the court is in full accord. The question relates to their application to the facts of the particular case. We also agree with the contention of the state that "As relates to crimes, 'substantive law' is that which declares what acts are crimes *and prescribes the punishment for committing them* * * *." (Italics ours.) It is provided by statute that "A crime or public offense is an act or omission forbidden by law and punishable upon conviction by any of the following punishments:" (Enumerating them.) ORS 161.020. To the same effect see *Redsecker v. Wade,* 69 Or 153, 134 P 5, 138 P 485; *Baxter v. State,* 49 Or 353, 356, 88 P 677, 89 P 369. Thus we see that the statutory provision specifying the punishment for the doing of specific acts constitutes an integral part of the crime itself, as defined. Acting under the purported authority of the statute, it is clear in this case that the grand jury indicted the defendant for a felony, and assuming the statute to be constitutional, the consequences of conviction under such a charge are specified in the act.

We have held that it is unnecessary to employ the word "feloniously" in an indictment if the acts charged therein sufficiently show the commission of a felony. *State v. Ede,* 167 Or 640, 117 P2d 235; *State v. Christiansen,* 150 Or 11, 41 P2d 442. However, the rule that the use of the word "feloniously" is not always essential in an indictment cannot be applied in this case because the use of the word is the only means by which it can be determined whether the defendant is charged with a felony or a misdemeanor.

The provisions of the Equal Protection Clause of the Fourteenth Amendment apply as limitations upon all instrumentalities through which the state acts.

12 Am Jur 137, Constitutional Law, § 473. In the first instance of course, it applies to the legislative department. The Equal Protection Clause of the Fourteenth Amendment, and Article I, Section 20 of the Oregon Constitution are alike in that they constitute similar limitations upon legislative action for the protection of the individual from arbitrary or capricious legislation. *Phillips v. City of Bend,* 192 Or 143, 153, 234 P2d 572; *Savage v. Martin,* 161 Or 660, 91 P2d 273. Affirmatively stated, both provisions constitute a pledge of the protection of equal laws. *Power Manufacturing Co. v. Saunders,* 274 US 490, 71 L Ed 1165. The Constitution does not require that a law shall affect all persons exactly alike, but there is a guaranty of like treatment to all persons similarly situated. It is not the purpose of either constitutional provision to take from the states the right and power to classify the subjects of legislation. It is only when such attempted classification is arbitrary and unreasonable that the courts can declare it to be beyond the legislative authority. *Jeffrey Mfg. Co. v. Blagg,* 285 US 571, 59 L Ed 364; *Sproles v. Binford,* 286 US 374, 76 L Ed 1167. This is not to lay down a general rule that the courts will invalidate statutes merely because they are unreasonable. The Constitution does imply that if by statute the conduct of one person or group produces a certain legal consequence, while the conduct of another person or group produces a different legal consequence, there must be some rational distinction between the persons or groups of persons in question sufficient to warrant the application to them of different legal consequences for their acts. If there is no rational basis for classifying one person or group of persons as being subject to one statutory regulation, while subjecting others to a different regulation, then the legislation must fall under

the constitutional provision. 16 CJS 131, Constitutional Law, § 563; *State v. Savage,* 96 Or 53, 184 P 567; *Connolly v. Union Sewer Pipe Co.,* 184 US 540.

In an exhaustive and scholarly opinion of this court, by Mr. Justice ROSSMAN, it was said:

> "A class of persons may be singled out and special burdens may be placed upon it, provided the class manifests characteristics which to a real and substantial extent distinguish it from all other persons and justify the imposition of the burden. \* \* \*" *Namba et al. v. McCourt and Neuner,* 185 Or 579, 612, 204 P2d 569.

■ The Fourteenth Amendment operates to forbid discrimination by the states against persons or classes in criminal cases. *Ughbanks v. Armstrong,* 208 US 481, 52 L Ed 582. And it has been held that a statute which prescribes different punishments or different degrees of punishment for the same acts committed under the same circumstances by persons in like situation is violative of the Equal Protection Clause. *Ex parte Sohncke,* 148 Cal 262, 82 P 956; *Ex parte Mallon,* 16 Idaho 737, 102 P 374; *State ex rel. White v. Board of County Com'rs.,* 140 Kan 744, 39 P2d 286; *Ex parte Sizemore,* 110 Tex Cr 232, 8 SW2d 134, 59 ALR 430, and note 433; *State v. Kallas,* 97 Utah 492, 94 P2d 414; 12 Am Jur 254, Constitutional Law, § 562; 16 CJS 1137, Constitutional Law, § 564.

■ The statute in question here defines and prohibits a specific act and provides punishment therefor, but there is no semblance of a classification which would enable one to ascertain under what circumstances he may be guilty of a felonious crime, or under what circumstances he may be guilty only of a misdemeanor. So far as the statute is concerned, the same identical act, under the same circumstances, may constitute a

felonious crime when committed by one person, and a misdemeanor when committed by another. It might be said that this statute classifies punishments, but does not classify the circumstances to which the diverse punishments are to be applied. This is not legal classification. It is legal chaos. The Oregon Constitution provides that "all penalties shall be proportioned to the offense. * * *" Oregon Constitution, Article I, Section 16. In the case at bar the offense, that is to say, the specific act which is prohibited, is clearly defined, but it is difficult to see how two separate and distinct punishments can both be proportionate to the same identical offense when the sentencing court is given no discretionary power to choose between them.

Since the provision for punishment constitutes one element in the definition of a crime, it would appear that this statute, in effect, defines two crimes as a matter of substantive law; one a felony, and the other a misdemeanor. And since the statute itself furnishes no criterion by which to determine when an accused is to be charged with felony, and when with a misdemeanor, the statute, at least insofar as it provides for alternative charges, must be void by reason of constitutional mandate, unless a criterion not set forth in the statute can be implied therefrom, and unless the power to apply it can be delegated to the grand jury or magistrate. But how can we establish any such criterion? How large must an n.s.f. check be to require a charge of felony? How young or how old may an offender be to warrant a charge of misdemeanor only? Should the grand jury consider the education and experience of the accused, or his previous record, or his poverty or wealth? We find no answer to these and to a multitude of other questions. But we have yet to comment on the outrageous effect of granting this power of choice to a

grand jury or magistrate. Under our law, "The grand jury ought to find an indictment when all the evidence before it, taken together, is such as in its judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury." ORS 132.390. Furthermore, it is not bound to hear any evidence for the defendant. ORS 132.320 (2). It would be monstrous to uphold and enforce a statute which authorized a grand jury or magistrate to determine finally whether an accused should receive a fine or a jail sentence, on the one hand, or a penitentiary sentence, on the other, and to make that decision before trial, without having heard any evidence for the defendant, either on the issue of guilt or of mitigation, and on the sole basis of a prima facie case made against one still presumed to be innocent. The enforcement of such a law would enable a grand jury or magistrate to determine in advance whether a guilty party on conviction was or was not subject to a divorce suit by his wife. ORS 107.030 (3), and whether prosecution was barred after two years or after three years. ORS 131.110. We see in this statute no provision whereby one charged with a misdemeanor could be sentenced as for a felony, however heinous the offense might after trial appear to have been. Again, if the defendant is proceeded against as for and convicted of a felony, there is no provision authorizing the court in its informed discretion to impose punishment as for a misdemeanor, however strong the evidence in mitigation might be. In our opinion, such a statute so construed would not only violate the Equal Protection Clause and constitute an unauthorized delegation of discretionary power, but it would constitute an invalid encroachment upon the function of the courts whose prerogative and duty it is to determine, not only guilt, but punishment, upon judicial inquiry, after public trial

and within the maximum and minimum limits prescribed by the legislature.

The following authorities sustain our conclusion that the attempted delegation to grand jury or magistrate of power to determine in advance whether to charge the defendant with a felony or with a misdemeanor for doing the prohibited act, is invalid: *The People v. Federal Surety Co.*, 336 Ill 472, 168 NE 401; *Commonwealth v. Franklin*, 172 Pa Super 152; *State v. Skinner*, 20 Ala App. 204, 101 So 327.

The prosecution cites *Ex parte Gough*, 112 Cal App 218, 296 P 658. In that case the defendant was convicted of grand larceny. The board of prison directors, pursuant to statute, fixed the term of imprisonment at 10 years. Defendant appealed, claiming that his rights under the Fourteenth Amendment had been violated because the board had arbitrarily fixed his sentence at 10 years and had fixed a lesser term in the case of others convicted of a like offense. The court held there was no merit in the appeal because the statute vested the board with discretion in fixing the term of punishment, taking into consideration the character of the defendant. It is argued that the grand jury or magistrate may exercise a like discretion in the case at bar. The decision in the Gough case bears no relation to the one at bar. It is one thing to fix the term of imprisonment by a grand jury before trial, and quite another to vest discretion in either a court or prison board to fix punishment in its discretion after conviction and upon consideration of the character of the defendant and the circumstances established at the trial. No standards were provided by the statute within which the grand jury or magistrate might exercise discretion, and the facts on which a quasi judicial discretion might be exer-

cised were not available to either grand jury or magistrate.

We hold that the provision of the statute which purports to vest in a grand jury or magistrate the unguided and untrammeled discretion to determine whether a defendant shall be charged with a felony or a misdemeanor, is unconstitutional. We are unanimously of the opinion that the judgment of the circuit court in dismissing the felony indictment should be affirmed. We express no opinion as to whether any portion of the 1949 act is separable, and we express no opinion as to the effect of the change in the wording of the 1949 act as it now appears in ORS 165.225. Under these circumstances it is apparent that legislative consideration of the entire problem is indicated.

The judgment of the circuit court in dismissing the indictment is affirmed.