[No. 33396. *En Banc.* March 22, 1956.]

*In the Matter of the Application for a Writ of Habeas Corpus of* STANLEY C. OLSEN, *Petitioner,* v. LAWRENCE DELMORE, JR., *as Superintendent of the State Penitentiary, Respondent.*[1]

*Carl Maxey,* for petitioner.

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

*Hugh H. Evans, Charles O. Carroll,* and *John J. O'Connell, amici curiae.*

HAMLEY, C. J.—Stanley C. Olsen seeks a writ of *habeas corpus* from this court, alleging that he is illegally confined

[1]Reported in 295 P. (2d) 324.

in the state penitentiary. It is his contention that the statute fixing the penalty for the crime of which he was convicted authorizes a charge of either a misdemeanor or a felony, and is therefore unconstitutional.

This constitutional question was not presented on Olsen's appeal, which resulted in affirmance. *State v. Olsen*, 43 Wn. (2d) 726, 263 P. (2d) 824. Nor was it presented in his previous petition for a writ of *habeas corpus*, which was denied without opinion on June 17, 1954. Cert. den., *Olsen v. Delmore*, 348 U. S. 902, 75 S. Ct. 227, 99 L. Ed. 709.

The crime for which Olsen was tried and convicted is defined in the uniform firearms act, RCW 9.41.050, 9.41.160 [Rem. Rev. Stat. (Sup.), §§ 2516-5, 2516-16; Laws of 1935, chapter 172, §§ 5, 16, pp. 599, 604]. RCW 9.41.050 reads as follows:

"No person shall carry a pistol in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided."

RCW 9.41.160 reads as follows:

"A violation of any preceding provisions of this chapter is punishable by a fine of not more than five hundred dollars or imprisonment in the county jail for not more than one year or both, *or* by imprisonment in the penitentiary for not less than one year nor more than ten years." (Italics ours.)

The information which was filed against Olsen charged as follows:

"That the said defendant, Stanley C. Olsen, in the County of Spokane, State of Washington, on or about the 21st day of January, 1953, then and there being, did then and there feloniously and unlawfully carry a pistol in a vehicle without having secured a license therefor, as required by law."

Following conviction on this charge, Olsen was sentenced to the state penitentiary for a term "of not more than ten (10) years." The board of prison terms and paroles fixed petitioner's minimum sentence at seven and one half years.

The first question to be determined is whether, as petitioner asserts, RCW 9.41.160, quoted above, makes it pos-

sible for a prosecuting attorney, in his sole discretion, to charge one who violates RCW 9.41.050 with either a misdemeanor or a felony.

Our statute defining crimes, RCW 9.01.020 [cf. Rem. Rev. Stat., § 2253], reads as follows:

"A crime is an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine, or other penal discipline. Every crime which may be punished by death or by imprisonment in the state penitentiary is a felony. Every crime punishable by a fine of not more than two hundred and fifty dollars, or by imprisonment in a county jail for not more than ninety days, is a misdemeanor. Every other crime is a gross misdemeanor."

RCW 9.41.160, quoted above, which prescribes the punishment for the crime here in question, provides first for a fine of not more than five hundred dollars or imprisonment in the county jail for not more than one year or both. If this provision stood alone, it would, in view of RCW 9.01.020, punish as for a gross misdemeanor, and not a misdemeanor, as contended for by petitioner.

The reference in RCW 9.41.160 to a fine or county jail sentence or both does not, however, stand alone. By the conjunction "or," it is coupled with the provision for imprisonment in the penitentiary. Respondent calls attention to this fact and to the provision of RCW 9.01.020 which classifies as a "felony" "every crime which may be punished by death or by imprisonment." Respondent also cites numerous authorities to the effect that whether an offense is to be classed as a felony or as a misdemeanor is to be determined by the maximum sentence which might be imposed under the statute.

Respondent concludes that any violation of RCW 9.41-.050, or of any other provision of the uniform firearms act, constitutes a felony. As noted above, petitioner was actually charged as for a felony.

Respondent is unquestionably correct in stating that, as a general rule, a penalty statute which prescribes a penitentiary punishment is not taken out of the felony classifica-

tion because of a prescribed alternative punishment of a fine or a county jail sentence.

Examples of such alternative punishments are numerous. Alternative penitentiary or county jail imprisonment is prescribed in the case of second degree perjury (RCW 9.72.030) and abortion (RCW 9.02.010), both of which crimes are felonies. Alternative penitentiary imprisonment or fine is prescribed in the cases of second degree forgery (RCW 9.44.040); being an accessory to a felony (RCW 9.01.060); self-abortion (RCW 9.02.020); criminal anarchy (RCW 9.05-.020); second degree arson (RCW 9.09.020); and second degree assault (RCW 9.11.020). All such crimes are felonies. Alternative penitentiary or county jail imprisonment or fine is prescribed in the case of manslaughter (RCW 9.48.060) and negligent homicide (RCW 46.56.040). These crimes are also felonies.

In our view, however, the penalty statutes to which reference has just been made are substantially different in form and structure from the penalty section of the uniform firearms act (RCW 9.41.160). In the latter section, unlike the others, the provisions for a fine or county jail sentence are linked together with the words "or both," after which, and separated by another conjunctive "or," the provision for penitentiary punishment is set out. This seems to be a pretty clear indication that the legislature thereby intended to vest in prosecuting officials the discretion to charge as for either a gross misdemeanor or a felony.

The Washington uniform firearms act (Laws of 1935, chapter 172; Rem. Rev. Stat. (Sup.), § 2516-1 *et seq.* [*cf.* RCW 9.41.010 *et seq.*]) is modeled after the uniform firearms act which was approved by the National Conference of Commissioners on Uniform State Laws, in 1930. (See 1930 Handbook of National Conference of Commissioners on Uniform State Laws and Proceedings, 562-567.) The penalties provision of the National Conference model (§ 17) is identical with the penalty provision of our act (RCW 9.41-.160), except that the former contains blanks to be filled in as to the amount of fine and length of prison term.

It therefore becomes pertinent to inquire what was intended by the authors of the National Conference model. This is particularly true since § 19 of chapter 172 (not carried into RCW) requires that the act be so interpreted and construed "as to effectuate its general purpose to make uniform the law of those states which enact it."

An explanatory statement regarding the model act, set out in the 1930 Handbook, *supra,* contains this explanation of the penalty section:

"Section 17. This is the general section which provides penalties for violations of the various provisions of the act. The amounts of fines and the lengths of imprisonment are left blank so that these may be fixed according to the needs and usages of the particular state. *This section is so framed as to be applicable to different state definitions of misdemeanors and felonies.* A general penalty section has been thought more scientific than the naming of penalties in connection with specific sections." (1930 Handbook, *supra,* 574.) (Italics ours.)

The italicized words indicate to us that the authors of the model act sought to draft a penalty section which would enable prosecuting officials, in their discretion, to charge as for either a misdemeanor or a felony. As before indicated, under the law of this state, the alternative penalties provided were a gross misdemeanor or a felony.

The following eleven jurisdictions have adopted the uniform firearms act, substantially or with modifications: Alabama, California, District of Columbia, Hawaii, Indiana, New Hampshire, North Dakota, Pennsylvania, Rhode Island, South Dakota, and Washington (1939 Handbook of National Conference etc., 375). Examination of the statutes of each of these jurisdictions indicates that Washington is the only one which has followed the form of penalty section set out in the uniform act. It is for this reason that the question of the constitutionality of such section has not arisen elsewhere.

In 1940, the National Conference of Commissioners on Uniform State Laws adopted a uniform pistol act, replacing the uniform firearms act (1940 Handbook of National

Conference etc., 160, 338-359). Section 18 of the new uniform act, pertaining to penalties, differs substantially from the penalty section of the earlier uniform act, and is not open to the constitutional objection here raised. In 1949, the National Conference declared the uniform pistol act obsolete, and removed it from the list of active uniform laws (1949 Handbook of National Conference etc., 184, 186). Hence, there is currently no approved model act on the subject.

■ We conclude that RCW 9.41.160 purports to authorize prosecuting officials to charge violations of the uniform firearms act either as a gross misdemeanor or a felony.

Petitioner advances three reasons why, in his opinion, a penalty statute which confers such discretion upon prosecuting officials is unconstitutional. The first reason is that such a statute provides different degrees of punishment for different persons for the same act, and thus denies equal protection of the laws.

A statute which prescribes different punishments or different degrees of punishment for the same act committed under the same circumstances by persons in like situations is violative of the equal protection clause of the fourteenth amendment of the United States constitution. *State v. Pirkey,* 203 Ore. 697, 281 P. (2d) 698, and cases there cited. Such a statute must therefore be violative of Art. I, § 12, of the constitution of this state, relating to privileges and immunities, since this provision of the state constitution is substantially identical with the equal protection clause of the fourteenth amendment. *Texas Co. v. Cohn,* 8 Wn. (2d) 360, 112 P. (2d) 522.

In *State v. Pirkey, supra,* the supreme court of Oregon declared unconstitutional, on this and other grounds, a statute making it a crime to wilfully and fraudulently make, draw, utter, or deliver an n. s. f. check, and authorizing prosecuting officials to proceed against violators either as for a misdemeanor or as for a felony. The statute there in question more clearly and explicitly lodged such discretion with prosecuting officials than does the statute before us in the

instant case. Having determined, however, that our statute is subject to this vice, the constitutional principle announced in the *Pirkey* case is equally applicable here. Respondent does not contend otherwise.

■ We hold that RCW 9.41.160 is unconstitutional and therefore invalid, because it violates the equal protection clause of the fourteenth amendment of the Federal constitution, and Art. I, § 12, of the state constitution. It therefore becomes unnecessary to consider the additional constitutional arguments advanced by petitioner. We express no opinion as to whether any portion of the uniform firearms act is separable.

The writ will issue.

MALLERY, SCHWELLENBACH, DONWORTH, and ROSELLINI, JJ., concur.

HILL, J. (dissenting)—I dissent. Whether an offense is to be classed as a felony or as a misdemeanor is determined by the maximum sentence which might be imposed under the statute. *State v. Bowser* (1942), 155 Kan. 723, 129 P. (2d) 268. For other cases, see annotation, 95 A. L. R. 1115. The maximum penalty under the uniform firearms act is imprisonment in the penitentiary for not more than ten years. Laws of 1935, chapter 172, § 16, p. 604 (Rem. Rev. Stat., § 2516-16 [*cf.* RCW 9.41.160]). *Ergo*, a violation of the uniform firearms act is a felony.

If, as the majority says, the act gives prosecuting attorneys the right to choose whether they will prosecute for a gross misdemeanor or for a felony, I agree that it is unconstitutional; but I do not believe that it does.

The majority reaches its conclusion primarily on the basis of the penalty provision, which reads:

"Any violation of any provision of this act constitutes an offense punishable by a fine of not more than five hundred dollars ($500.00) or imprisonment for not more than one year in the county jail or both, *or* by imprisonment in the penitentiary for not less than one year nor more than ten years." (Italics ours.) Laws of 1935, chapter 172, § 16, p. 604.

The majority says: "This seems to be a pretty clear indication that the legislature thereby intended to vest in prosecuting officials the discretion to charge as for either a gross misdemeanor or a felony." The result: an unconstitutional act.

. To me, the language quoted seems only to indicate that the legislature intended to vest trial judges with a wide latitude in the matter of the punishment to be inflicted for violations of the act. The result: a constitutional act.

Where a statute is capable of two constructions, one of which would render it invalid and the other valid, the construction which will uphold its validity must be adopted. *State ex rel. Campbell v. Case* (1935), 182 Wash. 334, 47 P. (2d) 24.

In my opinion, a violation of our uniform firearms act is clearly a felony, and a prosecuting attorney has no more authority to charge a violation of that act as a misdemeanor than he has to charge manslaughter (Laws of 1909, chapter 249, § 143, p. 931 (Rem. Rev. Stat., § 2395 [*cf.* RCW 9.48-.060])), negligent homicide (Laws of 1937, chapter 189, § 120, p. 911 (Rem. Rev. Stat., Vol. 7A, § 6360-120 [*cf.* RCW 46.56.040])) or any other felony as a misdemeanor.

The fact—if it be a fact, and there is no evidence of it before us—that some prosecuting attorneys charge violations of the uniform firearms act as misdemeanors does not make them so, nor does their mistake in so doing render the act unconstitutional. The question is: Does the act authorize an alternative charge, a misdemeanor or a felony? As I read the act, there is no such authority.

The petitioner was properly charged with a felony. The writ should be denied.

FINLEY, WEAVER, and OTT, JJ., concur with HILL, J.

May 9, 1956. Petition for rehearing denied.