[No. 37256. Department Two. May 13, 1965.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAELEEN ROBERTA REID, *Appellant.**

*Reported in 401 P.2d 988.

*Irving C. Paul, Jr.,* for appellant.

*Charles O. Carroll* and *David L. Williams,* for respondent.

DONWORTH, J.—This is an appeal by the defendant from the judgment and sentence entered upon her conviction of the possession of a narcotic without a prescription, in violation of RCW 69.33.230 and RCW 69.33.410. The two sections of the statute, when read together, make this crime a felony. Accordingly, the defendant was sentenced to serve a maximum term of 20 years in the state penitentiary under this statute.

The sole error and argument raised on this appeal is that the prosecutor has the discretion to charge either a felony or a misdemeanor on the same set of facts, and that this discretion is unlawful (unconstitutional) because it violates the equal protection clause of U. S. Const. amend. 14, and Const. art. 1, § 12. This contention is based on a comparison of the wording of RCW 69.33.230 and RCW 69.33.410 with the wording of RCW 69.32.080 (as these sections provided in 1962 when the offense was alleged to have been committed).

The exact wording of the pertinent part of the code sections involved is as follows:

It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter. Laws of 1959, ch. 27, p. 207, RCW 69.33.230.

Whoever violates any provision of this chapter shall, upon conviction, be fined not more than two thousand dollars and be imprisoned not less than two years . . . . Laws of 1959, ch. 27, p. 219, RCW 69.33.410.

It shall be unlawful for any person to use, administer by hypodermic or otherwise any narcotic drug as defined

in the uniform narcotic drug act, RCW 69.33.220 as now or hereafter amended, except as prescribed and under the direction of a physician authorized by law to practice medicine in this state, and any other person authorized by law to treat sick and injured human beings in this state and to use narcotic drugs in connection with such treatment. *The unlawful possession of narcotic drugs as defined herein shall be prima facie evidence of an intent to illegally use such drugs.* An habitual user of narcotic drugs shall be any person addicted to the use of narcotics as defined in this chapter and obtaining such narcotics unlawfully. Any person convicted of being an habitual user of narcotics or of violating any provision of this chapter shall be guilty of a gross misdemeanor. Laws of 1959, ch. 27, p. 198, RCW 69.32.080. (Italics ours.)

A careful reading of the three sections shows that, under RCW 69.33.230 and 69.33.410, unlawful possession of a narcotic drug is a felony, whereas, under RCW 69.32.080, unlawful possession is only prima facie evidence of an intent to unlawfully use the narcotic, such unlawful use, itself, being only a gross misdemeanor.

It is appellant's position that the prosecutor is thus permitted to decide whether to be harsh or lenient on the same facts, namely the unlawful possession of a narcotic, using his own criteria to determine who shall be charged as felons and who shall be charged as gross misdemeanants. Appellant argues that the vesting of such discretion in the prosecutor is unconstitutional for the reasons stated in *In re Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956), and *State v. Pirkey,* 203 Ore. 697, 281 P.2d 698 (1955).

The Washington case, *In re Olsen v. Delmore, supra,* was distinguished in *State v. Boggs,* 57 Wn.2d 484, 358 P.2d 124 (1961). The Oregon case, *State v. Pirkey, supra,* has been distinguished at least nine times on various grounds.[1]

---

[1] *Barber v. Gladden,* 210 Ore. 46, 298 P.2d 986, 309 P.2d 192 at 196, affirmed 215 Ore. 129, 332 P.2d 641 (1958) and 363 P.2d 771 (1961); *State v. Popiel,* 216 Ore. 140, 337 P.2d 303 (1959); *Jensen v. Gladden,* 231 Ore. 141, 372 P.2d 183 (1962); *State v. Steagall,* 214 Ore. 116, 328 P.2d 142 (1958); *State v. McDonald,* 231 Ore. 24, 361 P.2d 1001 (1961), cert. den. 370 U. S. 903, 8 L. Ed.2d 399, 82 Sup. Ct. 1247 (1962); *State v. Pow-*

In *State v. Powell*, 212 Ore. 684, 321 P.2d 333 (1958), the Oregon court considered two narcotics statutes, ORS 475-.060 and ORS 474.170, one of which appeared to make the use of a false name in the obtaining of a narcotic a misdemeanor, and the other appeared to make the same act a felony. The court found, on close scrutiny, that the elements of the two crimes differed, and, therefore, *State v. Pirkey, supra,* was not applicable. This point was only collateral to the main question in that case, but the distinction recognized by the Oregon court is an important one.

We believe that both *In re Olsen v. Delmore, supra,* and *State v. Pirkey, supra,* are distinguishable on the grounds stated in *State v. Reed,* 34 N.J. 554, 170 A.2d 419 (1961). In that case, the court was confronted with the same argument, in substance, as is raised by appellant in the present case. The statutes involved were also intended to provide control over illegal narcotics possession and use. In *State v. Reed, supra* at 570, 170 A.2d at 428, the New Jersey Supreme Court stated:

> The defendant argues that if possession for imminent personal consumption remains a violation of the Drug Act, then the Act is to that extent unconstitutional as a denial of equal protection of the law. For authority he cites *Olsen v Delmore,* 48 *Wash. 2d* 545, 295 *P. 2d* 324 (*Sup. Ct.* 1956) and *State v. Pirkey,* 203 *Or.* 697, 281, *P.2d* 698 (*Sup. Ct.* 1955). . . . The cases cited by defendant are distinguishable from the one before us. In both *Olsen* and *Pirkey* the Washington and Oregon Supreme Courts, respectively, held unconstitutional a statute which made the same identical act committed under the same circumstances a felony or a misdemeanor. The elements of proof essential to either conviction were the same and therefore there was no legislative standard for determining what offenders could be charged with a felony.

> . . . .
> In the present case, the Drug and Use statutes also define two distinct offenses. Under the Drug Act, the

---

*ell,* 212 Ore. 684, 321 P.2d 333 (1958); *Lilly v. Gladden,* 220 Ore. 84, 348 P.2d 1 (1959); *Broome v. Gladden,* 231 Ore. 502, 373 P.2d 611 (1962); and *State v. Gordineer,* 229 Ore. 105, 366 P.2d 161 (1961).

State must prove that the accused had actual or constructive possession of a narcotic drug. (We note that the containment of a consumed narcotic within a person's blood or respiratory system is not constructive possession.) And under the Use Act, it is sufficient to prove that the accused used or was under the influence of a narcotic. Since the Drug and Use statutes define two distinct offenses, the fact that an accused who possessed and also used or was under the influence of a narcotic could be prosecuted for either offense or both does not alone affect the constitutional validity of the Drug or the Use statute. In such a situation, the decision to proceed under either or both of the statutes is traditionally the State's. *United States v. Garnes* [258 F.2d 530 (2d Cir. 1958)], *supra; Clemons v. United States*, 137 *F. 2d* 302 (4 *Cir.* 1943); *cf. Berra v. United States*, 351 *U. S.* 131, 76 *S. Ct.* 685, 100 *L. Ed.* 1013 (1956).

We believe that the distinction made by the New Jersey Supreme Court has merit. The crime specified in RCW 69.32.080 is the crime of illegal *use* of a narcotic. The provision in that statute does not make illegal "possession" prima facie evidence of illegal *use,* but only prima facie evidence of *intent* to illegally use. The prosecutor must prove actual illegal use as an element of the crime under RCW 69.32.080. The fact that illegal possession is a felony under RCW 69.33.230 and 410, but that, under the gross misdemeanor statute, illegal possession is only prima facie evidence of intent to illegally use, may seem incongruous, but that does not make the statutes unconstitutional. The elements of the two crimes are different.

The incongruity disappears when the purposes of the statutes are understood. Illegal possession is potentially much more dangerous to society than illegal use, because the possessor may dispense the drugs to others, whereas the user is affecting mainly himself. Of course, we recognize that often the user of narcotics is also a possessor. If the prosecutor is able to prove each separate crime, then he could charge a person with violations of either or both statutes.

■ A defendant's constitutional right to equal protection of the laws is not violated by the prosecutor's exercising a discretion in deciding to prosecute or not to prosecute violation of a criminal statute. The fact that this discretion extends to two or more crimes (instead of only one) does not convert this discretion into an unconstitutional delegation of legislative authority, or constitute a denial of the equal protection of the laws, even though the facts to be proven are very similar, and arise from different parts of the same series of actions by the accused defendant.

The judgment and sentence is affirmed.

HILL, WEAVER, OTT, and HAMILTON, JJ., concur.

---

July 13, 1965. Petition for rehearing denied.