[No. 38043. Department Two. December 8, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD NELSON CANADY, *Appellant.** 

*Reported in 421 P.2d 347.

 

*James Gooding* (of *Reaugh, Hart, Allison, Caley, Mortimer & Prescott*), for appellant.

*Charles O. Carroll* and *Walter T. Greenaway*, for respondent.

FINLEY, J.—On September 15, 1964, a complaint was filed in the Seattle District Justice Court charging the defendant, Edward Nelson Canady, with burglary in the second degree. The complaint made no mention of any weapon. The defendant entered a plea of not guilty. A hearing was held, and the case was bound over to the superior court on motion of the state. On October 13, 1964, an information, worded identically to the earlier complaint, was filed in superior court. Trial was set for December 1, 1964. On October 29, 1964, the prosecutor filed an amended information still in one count, which added the words " . . . . and then there being armed with a certain deadly weapon, to-wit: a .32 caliber Colt Automatic pistol, Serial No. 280798 . . . . ." The defendant was tried and convicted of burglary in the second degree, and a special verdict was returned which found that he was armed with a deadly weapon at the time of the offense. The trial court sentenced

the defendant to a maximum of 15 years in the penitentiary. He now appeals.

The defendant makes three assignments of error, all of which relate to three statutes concerning the carrying of a deadly weapon at the time a crime is committed. The three statutes, in pertinent parts, read as follows:

RCW 9.41.020. Committing crime when armed—Resisting arrest by firing upon officer. If any person shall commit or attempt to commit a crime of violence when armed with a firearm, such person shall in addition to the penalty provided by statute for the crime when committed without use of a firearm, be guilty of a felony and punished by imprisonment for not less than five years.

RCW 9.95.015. Finding of fact or special verdict establishing defendant armed with deadly weapon. In every criminal case wherein conviction would require the board of prison terms and paroles to determine the duration of confinement and wherein there has been an allegation and evidence establishing that the accused was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused was armed with a deadly weapon, as defined by RCW 9.95.040, at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find the defendant guilty, also find a special verdict as to whether or not the defendant was armed with a deadly weapon, as defined in RCW 9.95.040, at the time of the commission of the crime.

RCW 9.95.040. Board to fix duration of confinement —Minimum terms prescribed for certain cases . . . .
The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

(1) For a person not previously convicted of a felony but armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than five years.

(2) For a person previously convicted of a felony either in this state or elsewhere and who was armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one-half years.

The words "deadly weapon," as used in this section include, but are not limited to, any instrument known as a blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm. . . .

The defendant first argues that the amended information filed against him was duplicitous in that it charged two separate offenses in the same count. This argument presupposes that RCW 9.41.020 creates a separate and distinct felony, and that this second felony was charged in the amended information. The state seems to concede, and we agree, that RCW 9.41.020, since its amendment by Laws of 1961, ch. 124, § 2, creates a new felony; *viz.,* the commission of a crime of violence when armed with a firearm. The information in the instant case, however, alleged that the defendant was armed with a "deadly weapon," the phrase used in RCW 9.95.015 and RCW 9.95.040. The information did not charge that the defendant "committed a crime of violence, to wit, burglary in the second degree, when armed with a firearm," nor did the words "crime of violence" or "firearm," as used in RCW 9.41.020, appear in the information. Not only is there no indication from the information that any crime other than burglary was charged, but the information, the procedure at the trial, and the special verdict sought all indicate a proceeding under RCW 9.95.015. The defendant was convicted of only one crime, that of burglary in the second degree, which was clearly charged in the information. He was informed of that which he was to defend against, and he was not prejudiced in any way. The information was not duplicitous. See *State v. Sullivan,* 172 Wash. 530, 22 P.2d 56 (1933). We note in passing that it would be a better practice for prosecutors to refer specifically to either RCW 9.95.015 or to RCW 9.41.020 in filing similar informations. Such a precaution should preclude possible questions raised subsequent to future criminal trials as to whether a defendant has been twice jeopardized for the same offense, as well as precluding contentions of duplicity, when similar informations are involved.

The second argument advanced by the defendant is that

he was denied equal protection of the laws, in violation of the fourteenth amendment to the United States Constitution and art. 1 § 12 of the Washington Constitution, by what he claims is unbridled discretion in prosecuting officials due to what he alleges is an "apparent conflict" between RCW 9.95.040 and RCW 9.41.020.

Initially, we will say that we see no conflict between the two statutes, either apparent or real. RCW 9.95.040, in conjunction with RCW 9.95.015, establishes a procedure by which a finding of fact or a special verdict that the defendant was armed with a "deadly weapon" at the time of committing an "offense" will make it mandatory for the Board of Prison Terms and Paroles to set either a 5 or a 7½ year minimum period of confinement, depending on the person's previous record. See *State v. Coma, ante* p. 177, 417 P.2d 853 (1966), for an extensive discussion of the legislative history, significance, and application of RCW 9.95.015 and RCW 9.95.040. As discussed above, RCW 9.41-.020 provides that when a person commits a "crime of violence" while armed with a "firearm" he is guilty of a separate and distinct felony, and upon conviction shall be imprisoned at least five years in addition to whatever sentence he receives for the basic crime. The two statutes deal with separate matters. It is true that a given criminal transaction involving a firearm may result in application of both provisions. It should not be startling, however, that a factor which results in a mandatory minimum term of imprisonment for one crime may also itself be a crime under another statute, particularly when there is good reason for the legislature "to turn the screw of the criminal machinery."[1] The two statutes work in conjunction and are not in conflict.

---

[1] *Gore v. United States,* 357 U.S. 386, 390 (1958). *Gore* is somewhat analogous to the present situation. In that case, the Supreme Court affirmed defendant's convictions of three distinct offenses—(1) the sale of drugs not in pursuance of a written order, (2) the sale of drugs not in the original stamped package, and (3) facilitating concealment and sale of drugs with knowledge that they had been unlawfully imported—arising out of the single act of selling illicit drugs. The de-

The exact thrust of the defendant's equal protection argument is somewhat unclear. His contention could be construed to mean that, since the prosecution alone determined whether or not to make the deadly weapon allegation under RCW 9.95.015, "unbridled discretion" was vested in the prosecution, thereby depriving the defendant of equal protection of the laws. The defendant cites *In re Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956), in support of his position. In the *Olsen* case, this court, in a five-to-four decision, held that when *one* statute vested in the prosecution the power to proceed for either a gross misdemeanor or a felony for the *identical* act, the defendant's right to equal protection of the laws was violated. In *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965), however, this court held that two statutes, one of which made illegal possession of narcotics a felony, and the other of which made illegal possession of narcotics prima facie evidence of intent to commit the gross misdemeanor of illegal use, did not violate the right to equal protection. The basis for the decision was that the elements of the two crimes differed, and there was a legislative standard for the prosecution to use in determining which offenders should be charged under which statute. *Accord, United States v. Garnes,* 258 F.2d 530 (2d Cir. 1958). See note, 41 Wash. L. Rev. 533 (1966), commenting with approval on the rejection of the equal protection argument in *Reid.* The *Reid* case, rather than *Olsen,* clearly controls the instant matter. The use of RCW 9.95.015 requires allegation and proof of the carrying of a "deadly weapon," which phrase is clearly defined in RCW 9.95.040. Use of a "deadly weapon" is not a necessary element of the crime of burglary in the second degree. Thus, the prosecutor's decision to bring into play the procedure of RCW 9.95.015 is not governed solely by his own discretion. The requirements of proof and his ability to meet them are determinative of the decision.

---

fendant in *Gore* argued congressional intent and double jeopardy. That case seems more extreme than the instant matter in approving the application of more than one punitive statutory provision to a single criminal act or fact pattern.

If the point of the defendant's equal protection argument is that the prosecutor had available the alternative of charging an additional crime under RCW 9.41.020, and thus had too much discretion, as it could be interpreted, we fail to see how the defendant was injured. It has already been pointed out in connection with the defendant's first assignment of error that the additional felony created by RCW 9.41.020 was not charged in the information. Even if the defendant had been charged with and convicted of the felony of carrying a firearm while committing a crime of violence, in addition to his conviction of burglary in the second degree, the reasoning of the *Reid* case would once again establish that there was no violation of defendant's right to equal protection. Under RCW 9.41.020, the evidence must show the commission of a crime of violence, as defined in RCW 9.41.010, and the use of a particular type of deadly weapon, *viz.*, a firearm, before a conviction can be obtained. Once again, there is a clear legislative standard guiding the prosecutor's decision; his decision must be based upon his ability to meet the necessary elements of proof.

The defendant's equal protection argument could also be construed to mean that he contends that he was denied equal protection by the amendment of the information which added the deadly weapon phrase. There is no merit in such a contention. Amending informations prior to trial is a well established, often necessary procedure; and Rule of Pleading, Practice, and Procedure 101.04W(2), which authorizes the practice, also insures that a defendant will not be misled or prejudiced thereby.

The defendant's third assignment of error is based on the fact that he was not given an additional preliminary hearing, after the information was amended, when he claims that he was charged with the additional felony of carrying a firearm while committing a crime of violence. We reiterate that the information charged only one crime—that of burglary in the second degree. Even if an additional crime had been charged, it is established beyond question that presently there is no statutory or constitutionally recognized right to a preliminary hearing. RCW 10.37.015 and

RCW 10.37.020 authorize the charging of crimes by filing informations directly in the superior court. Various decisions of this court, other state courts, and the Supreme Court of the United States make it clear that due process does not require that an accused be given a preliminary hearing. See, *e.g., State v. Westphal,* 62 Wn.2d 301, 382 P.2d 269 (1963); *State v. Robinson,* 61 Wn.2d 107, 377 P.2d 248 (1962); *Beck v. Washington,* 369 U.S. 541 (1962); *Lem Woon v. Oregon,* 229 U.S. 586 (1913). On this point the law is so well settled that the defendant's contention is without merit.

The judgment of the trial court is affirmed.

ROSELLINI, C. J., DONWORTH and WEAVER, JJ., and BARNETT, J. Pro Tem., concur.