[No. 43121.    En Banc.    October 10, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID F. DEVINE, *Appellant.*

*Moschetto & Alfieri,* by *Steve Paul Moen,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Ronald H. Clark, Deputy,* for respondent.

FINLEY, J.—Appellant Devine, a former Seattle police sergeant, was convicted of two counts of bribery in the Superior Court for King County. This appeal was transferred to the Supreme Court from the Court of Appeals, Division One.

Appellant's trial was an outgrowth of a broad investigation of suspected police corruption in the Seattle Police Department.[1] The statement of facts in this appeal contains testimony which, if believed, suggests a significant pattern of police corruption existing at that time. In the midst of this drama of errant police conduct, appellant Sgt. Devine was allegedly receiving bribe collections from patrolmen and passing on a portion of the proceeds to his superiors.

Specifically, one count of the information alleges that between May 1, 1963, and January 1, 1966, Sgt. Devine received "payoffs" intended to assure his noninterference in the illegal gambling operations of a Sylvia Harris. A former patrolman testified that he had made collections from Sylvia Harris in the Capitol Hill area, and passed the proceeds on to appellant. The information, as amended, charged in a

---

[1] *See, e.g.,* Seattle Post-Intelligencer, Apr. 18, 1970, at 1, col. 2; June 26, 1970, at 1, col. 4; June 30, 1970, at 1, col. 5; Apr. 13, 1971, at 1, col. 3; Feb. 9, 1972, at A6, col. 1; Aug. 4, 1972, at 1, col. 4; Seattle Times, July 9, 1970, at 1, col. 1. *See also State v. Robinson,* 84 Wn.2d 42, 523 P.2d 1192 (1974); *Deskins v. Waldt,* 81.Wn.2d 1, 499 P.2d 206 (1972); *State v. Carroll,* 81 Wn.2d 95, 500 P.2d 115 (1972).

second count that between January 1, 1965, and September 1, 1967, appellant had received bribes from the owner of several downtown Seattle taverns in return for police nonharrassment of the taverns' primarily homosexual clientele. The tavern owner testified that discontinuance of the payoffs would trigger police hassling and intimidation of customers with repeated requests for identification and the recording of their addresses and employers, as well as repetitious checks for minor infractions such as excessive juke box volume, lighting levels, etc. At one point in time, Sgt. Devine and an Officer Noot met with the tavern owner and announced that his payments would be increased. Officer Noot's testimony corroborated that of the tavern owner, and outlined his role in collecting bribe money and remitting a portion to appellant. In addition, Sgt. Devine's superior, former police captain John Wayne Simpson, testified that he had received money from appellant during the periods in question.

Appellant was charged with the felony of asking for and receiving money from a gambler and a tavern owner while a police officer under the bribery statute, RCW 9.18.020. He alleges that the identical conduct is also proscribed by misdemeanor statutes: RCW 9.18.110 (grafting, a gross misdemeanor); RCW 9.33.020 (oppression under color of office, a gross misdemeanor); RCW 9.33.040 (extortion by public officer, a misdemeanor); RCW 42.20.010 (misconduct of public officer, a gross misdemeanor). It is appellant's contention, that since the relevant unlawful behavior was prohibited by both misdemeanor and felony statutes, the prosecutor was vested with an unconstitutional authority to arbitrarily choose between charging a felony or misdemeanor with the concomitant widely varying punitive provisions.

■ This court has held that guaranties of equal protection under the Fourteenth Amendment and Const. art. 1, § 12, preclude the constitutionality of a statute which leaves to the discretion of the prosecutor whether the conduct in

question is to be penalized alternatively as a felony or a misdemeanor. *Olsen v. Delmore*, 48 Wn.2d 545, 295 P.2d 324 (1956). In *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970), it was stated that two statutes that characterize identical behavior as both a felony and a misdemeanor are violative of equal protection.

The statutes in question in the instant case, however, do not penalize the same, identical behavior, but instead penalize five distinct criminal acts. Each statute has its own unique elements of proof and, therefore, the prosecutor does not have the discretion arbitrarily to charge a defendant with any of the five offenses. Accordingly, we hold that appellant's guaranties of equal protection have not been violated by his prosecution for bribery per RCW 9.18.020. *Accord, State v. Canady*, 69 Wn.2d 886, 421 P.2d 347 (1966); *State v. Reid*, 66 Wn.2d 243, 401 P.2d 988 (1965); *State v. Eckman*, 9 Wn. App. 905, 515 P.2d 837 (1973).

■■ Appellant's second equal protection challenge is directed at RCW 10.01.020 which contains a 10-year limitation on actions against public officers versus 3 years for offenses committed by the general public. Appellant Devine contends that the 10-year limitation invidiously discriminates against the class of public officers thereby depriving them of equal protection of the law. As we stated in *O'Connell v. Conte*, 76 Wn.2d 280, 283, 456 P.2d 317 (1969), "[i]t is the established rule of law in this state that an enactment is presumptively valid, and the burden is upon the challenger to prove that the questioned classification does not rest upon a reasonable basis." Appellant has not met that burden. Moreover, it can scarcely be contended that the state does not have a legitimate interest in the prosecution of criminal acts by public officials. *Cf. Fritz v. Gorton*, 83 Wn.2d 275, 517 P.2d 911, *cert. denied*, 417 U.S. 902, 41 L. Ed. 2d 208, 94 S. Ct. 2596 (1974).

Appellant assigns error to evidence offered by the prosecution which allegedly departed from the bill of particulars. A portion of the bill of particulars pertaining to the

first count alleged that payments by Sylvia Harris were made on approximately the first of each month in the amount of $50. The testimony of Sylvia Harris and one of the collecting patrolmen tended to establish that payments in the amount of $40 were made regularly. Ms. Harris testified, however, that appellant's original demand was for a $50 monthly payment. Intensive cross-examination of Ms. Harris by appellant counsel led to testimony that payments had been made from several different locations rather than the single address specified in the bill of particulars.

■■ A bill of particulars is provided to the defendant in a criminal action to aid in the preparation of a proper defense. The furnishing of a bill of particulars is discretionary in the trial court, whose ruling will not be disturbed absent a showing of abuse of discretion. *State v. Mesaros,* 62 Wn.2d 579, 384 P.2d 372 (1963); *State ex rel. Clark v. Hogan,* 49 Wn.2d 457, 303 P.2d 290 (1956). It cannot be contended here that the defendant was unfairly surprised by the prosecution's evidentiary presentation. Indeed, the defense had apparently anticipated such a departure from the bill of particulars as it immediately offered a memorandum of authorities in support of its motion to limit the evidence to the bill of particulars. In our opinion, the information supplemented by the bill of particulars amply informed the appellant of the nature of the charges against him. If error, the minute departures from the bill of particulars in this instance were harmless.

We have considered appellant's several additional assignments of error; however, we find these do not have sufficient merit to justify further elaboration or discussion here. We have concluded that the King County Superior Court should be affirmed in all respects. It is so ordered.

HALE, C.J., and HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied December 17, 1974.