Sammie Lee HEMPHILL, Appellant,

v.

STATE of Alaska, Appellee.

Riggs A. PETER, Jr., Appellant,

v.

STATE of Alaska, Appellee.

Jacqueline VAUGHN, Appellant,

v.

STATE of Alaska, Appellee.

Doretha J. COWAN, Appellant,

v.

STATE of Alaska, Appellee.

John MERCHANT, Appellant,

v.

STATE of Alaska, Appellee.

Nos. 7260, 7426, 7597, 7599 and 7730.

Court of Appeals of Alaska.

Dec. 9, 1983.

Robert Blasco, Asst. Public Defender, Ketchikan, Rich Zahniser, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellants.

Richard W. Maki, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

On June 24, 1980, Sammie Lee Hemphill attempted to cash a $387.38 check at the First National Bank of Anchorage. The check was listed with the bank as stolen. Hemphill was indicted on a charge of forgery in the second degree, a class C felony. AS 11.46.505(a)(1). Hemphill moved to dismiss the indictment on the ground that AS 11.46.505 violated his right to equal protection of the law guaranteed by the fourteenth amendment to the United States Constitution and article 1, section 1 of the Alaska Constitution. Superior Court Judge Victor D. Carlson denied the motion. Hemphill later entered a plea of no contest to the charge, preserving the equal protec-

tion argument for appeal.[1] He is joined in this appeal by appellants Riggs A. Peter, Jr., Jacqueline Vaughn, Doretha J. Cowan, and John Merchant, who raise identical arguments.[2]

In *Bell v. State*, 598 P.2d 908 (Alaska 1979), our supreme court explained the principle declared in *State v. Pirkey*, 203 Or. 697, 281 P.2d 698 (1955) (en banc) and *Olsen v. Delmore*, 48 Wash.2d 545, 295 P.2d 324 (1956) (en banc). Under the *Pirkey/Olsen* rule, "equal protection is violated when a statute prescribes different punishments for the same act committed under the same circumstances by persons in like situations." *Bell*, 598 P.2d at 912 (footnote omitted). While the court did not apply the *Pirkey/Olsen* rule in *Bell* because it held the challenged statute did "not fall within the rule," *id.* at 912, it nonetheless explained the rule as follows. The meaning of this principle is clarified by *State v. Modica*, 58 Hawaii 249, 567 P.2d 420 (1977):

A denial of [constitutional] rights would be the result only if a violation of the misdemeanor statute would invariably and necessarily constitute a violation of the felony provision. Thus, where the same act committed under the same circumstances is punishable either as a felony or as a misdemeanor, under either of two statutory provisions, *and the elements of proof essential to either conviction are exactly the same,* a conviction under the felony statute would constitute a violation of the defendant's rights to due process and the equal protection of the laws.

This rule recognizes the legislature's power to define crimes and affix punishment according to the offender's conduct and culpability. When the elements of one crime overlap with the elements of another crime, or when the elements of one offense encompass the elements of a less-

---

**1.** The issue was preserved in accordance with the procedure prescribed in *Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974), and *Oveson v. Municipality of Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978).

**2.** Each appellant made pretrial motions similar to Hemphill's. Peter's motion was denied by Superior Court Judge Schulz, Vaughn and Cowan's motions were denied by Superior Court Judge J. Justin Ripley, and Merchant's motion was denied by Superior Court Judge Ralph E. Moody.

er included offense, some discretion inevitably accrues to the prosecutor, who may tailor the charge to fit the offense. So long as the elements necessary to prove either of two offenses are not identical, the courts have upheld the statutes and allowed the prosecutor charging flexibility.

*Bell,* 598 P. 29 at 913 (citation omitted). Subsequent decisions of the supreme court have emphasized that if there are different elements of proof for the misdemeanor or felony, no equal protection violation would exist. *Keith v. State,* 612 P.2d 977, 989 (Alaska 1980); *Holton v. State,* 602 P.2d 1228, 1237 (Alaska 1979).

We now turn to the challenged statutes. Hemphill was convicted of second degree forgery under AS 11.46.505(a)(1), a class C felony. Alaska Statute 11.46.505(a) provides:

> *Forgery in the second degree.* A person commits the crime of forgery in the second degree if he violates § 510 of this chapter and the instrument is or purports to be
>
> (1) a deed, will, codicil, contract, assignment, negotiable or other commercial instrument, or other document which does or may evidence, create, transfer, alter, terminate, or otherwise affect a legal right, interest, obligation, or status; or
>
> (2) a public record.

Alaska Statute 11.46.510(a) defines forgery in the third degree, a class A misdemeanor, as follows:

> *Forgery in the third degree.* A person commits the crime of forgery in the third degree if, with intent to defraud, he
>
> (1) falsely makes, completes, or alters a written instrument;
>
> (2) knowingly possesses a forged instrument; or
>
> (3) knowingly utters a forged instrument.

The code does not define the term "document" referred to in AS 11.46.505(a)(1), but it does define "written instrument," as used in AS 11.46.510(a)(1). AS 11.46.580(b)(3) states:

> "written instrument" means a paper, document, instrument, electronic recording, or article containing written or printed matter or the equivalent, whether complete or incomplete, used for the purpose of reciting, embodying, conveying, or recording information or constituting a symbol or evidence of value, right, privilege, or identification, which is capable of being used to the advantage or disadvantage of some person.

Hemphill asserts that, since second-degree forgery refers to any document that "may evidence ... [a] status," and third-degree forgery refers to a "written instrument," which is defined as "evidence of value ... or privilege ... which is capable of being used to the advantage or disadvantage of some person,"—everything included in third-degree forgery is also included in second-degree forgery.

■ Hemphill's assertion is incorrect. A person who commits third-degree forgery does not necessarily commit second-degree forgery. For example, a person who forges a letter of introduction or recommendation for use as part of a scheme to obtain money could be prosecuted for misdemeanor forgery, but not for felony forgery. Hemphill is also incorrect in his assertion that "the elements of proof are exactly the same" under felony forgery and misdemeanor forgery. The two statutes do not prohibit identical conduct.

■ In order to secure a conviction for misdemeanor forgery under AS 11.46.510(a)(1), the state must prove the forgery involved a "written instrument." AS 11.46.580(b)(3) includes in the definition of this term "a symbol or evidence of value, right, privilege, or identification, which is capable of being used to the advantage or disadvantage of some person." However, this proof alone is insufficient for a felony forgery conviction. Under AS 11.46.505(a)(1), the state must additionally prove that the instrument forged by the accused was one of these particularly described in the statute, *i.e.,* "a deed, will codicil, contract, assignment, negotiable or other commercial in-

strument," or an instrument that evidences or "otherwise affects a *legal* right, interest, obligation or status; ...." (Emphasis added). Thus, a felony forgery must either be one of the instruments specifically enumerated in AS 11.46.505(a)(1) or affect a *legal* right, interest, obligation, or status; a misdemeanor forgery need only involve a symbol or evidence of a value, right, privilege, or identification capable of being used to someone's advantage or disadvantage, regardless of whether the forged instrument itself has legal significance.

The Commentary to the forgery statutes recognizes this distinction between misdemeanor and felony forgeries:

> Forgery will be a felony when the written instrument falls into one of the four categories described in paragraphs (1)–(2) of AS 11.46.500 or .505. The forging of these instruments merit [sic] felony classification since the conduct will usually be preliminary to a large scale fraud.

Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47 at 53–54, 1978 Senate Journal 1399.[3]

The Model Penal Code provides further support for this interpretation of Alaska's forgery statutes:

> GRADING. Forgery is a felony of the second degree if the writing is or purports to be part of an issue of money, securities, postage or revenue stamps, or other instruments issued by the government, or part of an issue of stock, bonds or other instruments representing interests in or claims against any property or enterprise. Forgery is a felony of the third degree if the writing is or purports to be a will, deed, contract, release, commercial instrument, or other document evidencing, creating, transferring, altering, terminating, or otherwise affecting legal relations. Otherwise forgery is a misdemeanor.

Model Penal Code § 224.1(2), (Proposed Official Draft 1962).

In addition, we find the language in *State v. Clark,* 632 P.2d 841, 843–44 (Utah 1981), particularly relevant:

> It is not unconstitutional for a state to impose a more severe penalty for a particular type of crime than the penalty which is imposed with respect to the general category of crimes to which the special crime is related or of which it is a subcategory. The particular crime in this case is clearly defined by the statute and distinguishable from the general category, and there are valid reasons for imposing a harsher punishment. This is not a case in which the statutes define two crimes having precisely the same elements with different penalties.
>
> As long as the legislative classifications are not arbitrary, the fact that conduct may violate both a general and a specific provision of the criminal laws does not render the legislation unconstitutional, even though one violation is subject to a greater sentence.

(Citations omitted).

■ The instruments covered by Alaska's first-degree forgery statute are subsumed within the definition of instruments included in the second-degree forgery statute. In turn, all instruments covered by these two provisions are included within the ambit of the third-degree forgery provision. Nevertheless, the more serious degrees of forgery govern a progressively limited class of instruments; each class generally tends to be of potentially greater pecuniary significance. This statutory structure is basically no different than that of numerous other statutes that create a serious offense as well as a series of lesser included offenses.

Giving due deference to the legislature's authority to define crimes and fix

---

**3.** Under AS 11.46.500, first-degree forgery, a class B felony, is committed when the forged instrument is or purports to be:

    (1) part of an issue of money, securities, postage, revenue stamps, or other valuable instruments issued by a government or governmental agency; or

    (2) part of an issue of stock, bonds, or other instruments representing interests in or claims against an organization or its property.

punishments, *Alex v. State*, 484 P.2d 677, 685 (Alaska 1971), we believe that the classification of the forgery offenses based on the type of instrument forged is both reasonable and justified. Since the state must prove additional elements to establish a felony forgery as opposed to a misdemeanor forgery, we hold that the challenged statutes do not violate equal protection. *See Keith v. State*, 612 P.2d 977, 989 (Alaska 1980); *Holton v. State*, 602 P.2d 1228, 1237 (Alaska 1979).

The convictions are AFFIRMED.