## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD ROSS SWINGLE,
*Appellant.*

(90-1073; CA A67149)

835 P2d 158

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

■    In a stipulated facts trial, defendant was found guilty of felony driving while suspended. ORS 811.175. He argues that, because his DWS conviction was based on a finding that he was driving in violation of his habitual traffic offender prohibition, he should have been sentenced according to the grid block[1] for a habitual traffic offender. *Former* ORS 811.185.[2] He contends that, because the DWS statute proscribes acts that are also covered by the habitual offender statute, violations of DWS should be punished as habitual offender violations.

Defendant makes no constitutional argument that the statutes provide different punishments for the same acts. *See State v. Pirkey*, 203 Or 697, 281 P2d 698 (1955). He admits that the statutes are distinguishable but cites no authority as to why the legislature could not choose to punish one offense more severely than the other. In short, he provides no reason why he should be sentenced for a crime other than the one for which he was found guilty. We reject his position.

■    Defendant also argues that the court erred in requiring him to serve his sentence consecutively to one imposed for a parole violation. It did not. ORS 137.123 does not require findings to support consecutive terms for offenses that do not arise out of an uninterrupted course of conduct.

Affirmed.

---

[1] Defendant was sentenced in grid block E-3. According to his argument, the correct placement would be grid block E-1.

[2] ORS 811.185 was repealed by 1991 Oregon Laws, chapter 208, section 1.