# STATE OF MISSOURI, Respondent, v. JOE BRECK-ENRIDGE, Appellant.[*]

St. Louis Court of Appeals. Opinion filed March 2, 1926.

1. **INTOXICATING LIQUORS: Unlawfully Transporting: About the Person: On the Person: Statute: Exceptions.** In a prosecution for unlawfully transporting intoxicating liquor in violation of section 6588, article 7, chapter 52, Revised Statutes 1919, as amended by Laws of 1921, page 414, *held* that carrying intoxicating liquor in a suitcase or sack "about the person" was a violation of the statute as the statute does not except carrying liquor "about the person" but excepts only carrying it "on the person."

2. **STATUTES: Exceptions: Construction.** As a rule, exceptions in statutes are strictly construed.

[*]Corpus Juris-Cyc. References; Intoxicating Liquors, 33 C. J., p. 582, n. 45 New. Statutes, 36 Cyc., p. 1164, n. 66.

Appeal from the Circuit Court of Audrain County.—
*Hon. Ernest S. Gantt,* Judge.

AFFIRMED.

*A. C. Whitson* for appellant.

*R. D. Rodgers,* Prosecuting Attorney, for respondent.

SUTTON, C.—This is a prosecution for unlawfully transporting intoxicating liquor in violation of the provisions of section 6588, article 7, chapter 52, Revised Statutes 1919, as amended by the Legislature in 1921, and set forth in the Laws of 1921, at page 414. There was a conviction in the court below, and the defendant brings the case here by appeal.

The provisions of section 6588, as amended, so far as material here, are as follows:

"It shall be unlawful for any person, firm, association or corporation, his, its, or their agents or employees to manufacture, sell, possess, give away or transport intoxicating liquors within, import the same into, or export the same from the state of Missouri."

Section 19, page 242, of the Laws of 1923, provides as follows:

"The words 'transport' and 'transportation' as used in any part of this act, or in any part of article 7, chapter 52, Revised Statutes of Missouri, 1919, and all acts amendatory thereof, shall be held to mean and include every mode, method, or means of carrying, or conveying, intoxicating liquor from place to place in any container, or receptacle, of whatsoever kind or character, and by whatsoever means used, except carrying intoxicating liquor on person."

The defendant's counsel insists here that the State failed to show that the defendant transported intoxicating liquor otherwise than on the person, and that there-

fore the judgment of conviction should be reversed and the defendant discharged.

The testimony shows that the defendant on July 1, 1924, at Mexico, in Audrain County, gave Clarence Townley thirty-five dollars, and instructed him to go to St. Louis and buy alcohol with the money and bring it to Mexico; that Townley went to St. Louis and purchased with the money five gallons of alcohol in one-gallon tin containers; that he placed the alcohol in a suitcase and brought it to St. Charles on a street car; that at St. Charles he carried the liquor onto a Wabash passenger train and brought it to the eastern limits of Mexico, where he threw it off the train into the weeds on the railroad right of way about one o'clock at night; that on arriving at the station in Mexico, Townley went to the defendant's room in the Lincoln Cafe somewhere south of the railroad tracks, and went to bed; that early that morning the defendant appeared at his room and asked Townley if he had procured the liquor; that Townley told defendant where the liquor was, and the two together went after the liquor, found it in the weeds where it had been thrown, and carried it a distance of about a quarter of a mile to a brickyard in Mexico; that a part of this distance the defendant carried the liquor, that a part of the distance Townley carried it, and that the rest of the distance both together carried it, one having hold of one end of the suitcase and the other having hold of the other end; that at the brickyard they removed the liquor from the suitcase, placed it in a sack, and carried it several blocks south across the railroad tracks to a point some distance south of the tracks; that there they undertook to make a division of the contrabrand between them, and being surprised by an officer abandoned it and fled.

The carrying of intoxicating liquor in a pocket of the clothing, or in any such manner as articles are usually carried on the person as that term is ordinarily understood, comes within the exception of the statute, but the exception was not intended to cover an enterprise

such as is shown by the evidence in this case. The stat-
ute does not except carrying intoxicating liquor "about
the person," but excepts only carrying it "on the per-
son," which is a term much narrower in its signification
than the term "about the person." [State v. Scanlon,
— Mo. —, 273 S. W. 1062, l. c. 1065.] The language of the
exception ought not to be enlarged in its scope by an in-
terpretation out of accord with its ordinary meaning.
As a rule, exceptions in statutes are strictly construed.

Finding no error in the record, the Commissioner
recommends that the judgment of the circuit court be
affirmed.

PER CURIAM:—The foregoing opinion of SUTTON,
C., is adopted as the opinion of the court. The judgment
of the circuit court is accordingly affirmed. *Daues, P.
J.,* and *Becker & Nipper, JJ.,* concur.