STATE OF HAWAII, Plaintiff-Appellee *v.* TOMMIE MODICA, Defendant-Appellant

NO. 5889

AUGUST 4, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY MENOR, J.

The defendant was found guilty by a jury upon an indictment charging him with carrying a revolver without a permit or license to do so, in violation of HRS § 134-9. From the judgment and sentence of the trial court, the defendant appeals.

The operative facts are that the defendant was found with a loaded revolver, for which he had no permit, in the municipal parking lot at the corner of Smith and Pauahi Streets in the City and County of Honolulu. On the basis of these facts, he could have been charged for a misdemeanor under HRS

§ 134-6,[1] for carrying a loaded firearm on a public highway, but he was charged instead with carrying a revolver on his person in violation of HRS § 134-9.[2]

The defendant does not contend that the two statutes are unconstitutionally vague, but he does assert that "[i]t is the arbitrary and unbridled discretion vested in the prosecutor which allows the prosecutor to charge the same conduct either as a felony, under HRS § 134-9, or as a misdemeanor, under HRS § 134-6, which violates the [defendant's] rights to the equal protection of the laws and due process of law." He argues that inasmuch as HRS § 134-6 and HRS § 134-9 prescribe different degrees of punishment for the same conduct committed under the same circumstances by similarly situated persons, his conviction and the entry of judgment against him pursuant to the terms of HRS § 134-9 violated his rights to due process of law and the equal protection of the laws.

We find no violation of the defendant's constitutional rights. A denial of these rights would be the result, only if a violation of the misdemeanor statute (HRS § 134-6) would invariably and necessarily constitute a violation of the felony provision (HRS § 134-9). *Palmore v. United States,* 290 A.2d 573 (D.C.App. 1972); *United States v. Coppola,* 425 F.2d 660 (2d Cir. 1969); *cf. State v. Canady,* 69 Wash.2d 886, 421 P.2d 347 (1966); *State v. Reid,* 66 Wash.2d 243, 401 P.2d 988

---

[1] HRS § 134-6, in pertinent part provides as follows:

"It shall be unlawful for any person to have in his possession or to carry on any public highway any firearm loaded with ammunition; provided that the provisions of this paragraph shall not apply to any person who has in his possession or carries a pistol or revolver and ammunition therefor in accordance with a license or permit issued, as provided in section 134-9.

Any person who violates any provision of this section shall be fined not more than $1,000 or imprisoned not more than one year, or both."

[2] HRS § 134-9, in pertinent part provides as follows:

". . . No person shall carry concealed or unconcealed on his person a pistol or revolver without being licensed to do so under this section or in compliance with section 134-6.

. . .

Any person violating this section shall be imprisoned for a term of not less than two years nor more than five years, without probation."

(1965); *State v. Reed*, 34 N.J. 554, 170 A.2d 419 (1961). Thus, where the same act committed under the same circumstances is punishable either as a felony or as a misdemeanor, under either of two statutory provisions, and the elements of proof essential to either conviction are exactly the same, a conviction under the felony statute would constitute a violation of the defendant's rights to due process and the equal protection of the laws. *Olsen v. Delmore*, 48 Wash.2d 545, 295 P.2d 324 (1956); *State v. Pirkey*, 203 Or. 697, 281 P.2d 698 (1955). We do not, however, find this to be the case here.

Carrying a pistol or a revolver *on the person* is an essential element of the conduct proscribed by HRS § 134-9, but it is not a requirement under the provisions of HRS § 134-6.[3] The phrase "on the person" in a statute has been construed to mean physical connection with or attaching to the person. *Schraeder v. State*, 28 Ohio App. 248, 162 N.E. 647 (1928); *State v. Breckenridge*, 282 S.W. 149, 219 Mo.App. 587 (1926). Black's Law Dictionary (4th ed. 1976) defines the phrase "on the person" to mean "[i]n common parlance, . . . that [the article] is either in contact with his person or is carried in his clothing." Thus, the carrying of a pistol or revolver within a vehicle, not on the person, would constitute a violation of HRS § 134-6, but it would not be an offense under HRS § 134-9. *See Hampton v. Commonwealth*, 257 Ky. 626, 78 S.W.2d 748 (1934); Blashfield, Cyc. of Automobile Law and Prac., Perm. Ed., § 5528.88.

Statutes may on occasion overlap, depending on the facts of a particular case, but it is generally no defense to an indictment under one statute that the accused might have been charged under another. *Territory v. Awana*, 28 Haw. 546 (1925); *In re Converse*, 137 U.S. 624 (1891); *State v. Swan*, 55 Wash. 97, 104 P. 145 (1909). *Cf. State v. Travis*, 45 Haw. 435, 368 P.2d 883 (1962). Under those circumstances, the matter is necessarily and traditionally subject to the prosecuting

---

[3] HRS § 134-6 also directs itself to all types of firearms, as defined in HRS § 134-1, as well as ammunition therefor, while the weapons covered by HRS § 134-9 are strictly limited to pistols and revolvers.

attorney's discretion. *Newman v. United States*, 382 F.2d 479 (D.C.Cir. 1967); *Hutcherson v. United States*, 345 F.2d 964 (D.C.Cir. 1965), *cert. denied* 382 U.S. 894.

Affirmed.

*Steven J. Levinson (Schutter, Levinson & O'Brien)* for defendant-appellant.

*Randolph Slaton,* Deputy Prosecuting Attorney *(Michael Gibson,* Deputy Prosecuting Attorney on the brief, *Maurice Sapienza,* Prosecuting Attorney, of counsel) for plaintiff-appellee.