CHRIS GRINDLING, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 29335.
Intermediate Court of Appeals of Hawaii.
April 29, 2009.
On the briefs:
Chris Grindling, Petitioner-Appellant pro se.
Renee Ishikawa Delizo, Deputy Prosecuting Attorney, County of Maui, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and LEONARD, JJ.
Petitioner-Appellant Christopher Grindling (Grindling) appeals from the Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief (Order) filed on August 18, 2008 in the Circuit Court of the Second Circuit (circuit court).[1]
On March 18, 1999, a jury convicted Grindling of Disorderly Conduct, in violation of Hawaii Revised Statutes (HRS) § 711-1101 (1993); Terroristic Threatening in the First Degree, in violation of HRS § 707-716 (1993); Resisting Arrest, in violation of HRS § 710-1026 (1993); and a lesser included offense of Terroristic Threatening in the Second Degree, in violation of HRS § 707-717 (1993) in Cr. No. 98-0325.
On August 10, 2000, the Hawai`i Supreme Court, in appeal No. 22573, affirmed Grindling's conviction for Terroristic Threatening in the First Degree. In that direct appeal, the Hawai`i Supreme Court held that Grindling's claim that his conviction violated State v. Modica, 58 Haw. 249, 567 P.2d 420 (1977), was inapplicable because his convictions for the felony and misdemeanor charges were "predicated upon separate and distinct conduct" and "the commission of resisting arrest did not invariably and necessarily constitute the commission of first degree terroristic threatening."
On October 12, 2000, Grindling filed several petitions to vacate, set aside or correct judgment or to release petitioner from custody in S.P.P. Nos. 00-1-0013(3) and 01-1-0003(3). The second circuit granted in part and denied in part the petitions. Grindling appealed. In appeal No. 24695, the Hawai`i Supreme Court affirmed in part and vacated in part and remanded the case for further proceedings.
On January 4, 2008, Grindling filed a Petition for Hawai`i Rules of Penal Procedure Rule 40 relief (January 4, 2008 Petition). Grindling claimed that:
1. CR No. 98-0325 March 1999 convicted and a timely appeal is filed.
2. Andrew Von Sonn, Esq., was ineffective in filing appeal cause he didn't write appeal properly outlining the Modica Rule violation he was told by me to file appeal on grounds that statutes overlap in violation of Modica Rule he instead filed appeal on grounds that one act with 2 separate charges violated Modica Rule August 2000 Supreme Court affirmed conviction.
3. October 2000 I file Rule 40 claiming ineffective counsel for Von Sonn failure to appeal correct issue.
4. I also include the proper issue of overlapping statutes violates Modica Rule this court then erroneous rules that the issue was previous ruled on in S.Ct. 22573.
5. March 2004 Supreme Court affirms this courts erroneous ruling.
6. November 2006, I'm released from jail after serving the 5 year sentence.
On August 18, 2008, the circuit court issued its Order denying Grindling's January 4, 2008 Petition.
On appeal, Grindling claims the circuit court erred in denying the January 4, 2008 Petition and by finding in Finding of Fact 18 that "Ground One of Petition is the exact issue that Petitioner raised and was ruled upon on Petitioner's direct appeal in S. Ct. No. 22573." Grindling claims that the issue is "overlapping statutes" and that under the circumstances "HRS § 710-1026 and HRS 707-716 overlap therefor the felony conviction is unconstitutional."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Grindling's claim of overlapping statutes is a restatement of his "Modica Rule" violation that was previously ruled upon in appeal No. 22573, and thus the circuit court did not err by denying the January 4, 2008 Petition.
Therefore,
The Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief filed on August 18, 2008 in the Circuit Court of the Second Circuit is affirmed.
NOTES
[1] The Honorable Shackley F. Raffetto presided.