**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000364
27-JAN-2026
08:07 AM
Dkt. 117 SO**

NO. CAAP-24-0000364

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
BRANDON GONZAGA, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-20-0000653)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Brandon **Gonzaga** appeals the

Circuit Court of the Second Circuit's[1] April 11, 2024 Judgment of

Conviction and Sentence on a single count of Sexual Assault in

the First Degree, in violation of Hawaiʻi Revised Statutes (**HRS**)

---

[1] The Honorable Peter T. Cahill presided. We note that at all relevant times, including at trial, the complaining witness (**Minor**) was under the age of eighteen.

§ 707-730(1)(b) (2014).[2] On appeal, Gonzaga challenges: (1) the credibility and competency of the complaining witness (**Minor**); (2) the charging instrument; (3) the jury instructions; (4) the failure to further clarify the verdict; and (5) the failure to further investigate the alleged misconduct of an alternate juror.[3]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below and affirm.

In 2020, the State indicted Gonzaga on twenty-one counts of Sexual Assault in the First Degree and two counts of

---

[2] The 2014 version of HRS § 707-730(1)(b), "Sexual assault in the first degree," provides in relevant part that "[a] person commits the offense of sexual assault in the first degree if . . . [t]he person knowingly engages in sexual penetration with another person who is less than fourteen years old[.]" The definition of "sexual penetration" provides that "each act of sexual penetration shall constitute a separate offense." HRS § 707-700 (2014).

[3] In addition, Gonzaga raises two other points of error that we decline to reach:

First, Gonzaga alleges prosecutorial misconduct on appeal but makes no specific argument and cites no authority in his opening brief to explain how the identified conduct amounted to prosecutorial misconduct. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.") And Gonzaga did not object to any of the challenged statements at trial. Although this court may, at its option, review alleged prosecutorial misconduct for plain error, we decline to do so. See State v. Willis, 156 Hawaiʻi 195, 204, 572 P.3d 668, 677 (2025); HRAP Rule 28(b)(4).

Next, Gonzaga argues that the circuit court abused its discretion when it declined to stay his judgment and sentence pending appeal pursuant to HRS § 804-4(b) (Supp. 2019), because the court applied the incorrect standard. Based on our disposition of the other issues in this case, we need not reach this point of error.

Sexual Assault in the Third Degree. Each count alleged different sexual acts involving Minor, who was under the age of fourteen at all times alleged, during various timeframes, usually spanning one or two months, between January 1, 2018, and August 31, 2019. Relevant to this appeal is Count Six, occurring between April 1 and May 31, 2018:

> That during or about the period of April 1, 2018, through May 31, 2018, inclusive, County of Maui, State of [Hawaiʻi], BRANDON GONZAGA did knowingly engage in sexual penetration with another person who is less than fourteen (14) years old, by vaginal intercourse, thereby committing the offense of Sexual Assault in the First Degree in violation of Section 707-730(1)(b) of the [Hawaiʻi] Revised Statutes.

During trial, Minor testified with specificity to the first time Gonzaga sexually assaulted her, explaining that after groping her breasts and butt while she was lying on her bed playing on her cellphone, Gonzaga pulled aside Minor's spandex shorts and penetrated her vagina with his penis. This occurred prior to April 2018, while Gonzaga and Minor's mother were dating but were still living separately. Minor was eleven years old at the time.

In April 2018, Minor and her mother moved into a larger apartment with Gonzaga. The second apartment, which was on the same property, had become vacant in March 2018, following the death of the landowner's father, who had previously occupied

the apartment.[4]  Minor testified that after moving into the larger apartment with Gonzaga, "the same kinds of things" continued to happen.  Minor specifically testified that in April and May 2018, Gonzaga engaged in sexual intercourse with her several times a week, unless she was on her period.  Minor testified that the abuse continued until August 2019.

Minor explained that Gonzaga would buy her things in exchange for sex, including a new iPhone, an expensive microphone, and glue to make slime.  Minor testified, "It was like a routine.  It was happening every time.  I knew when every time I wanted something, it would be for sex."

Gonzaga exercised his right to not testify.

The jury found Gonzaga guilty only as to Count Six. The circuit court entered its Judgment of Conviction and Sentence as to Count Six, and Gonzaga timely appealed.

On appeal, Gonzaga challenges:  (1) the credibility and competency of Minor; (2) the charging instrument; (3) the jury instructions; (4) the failure to further clarify the verdict; and (5) the failure to further investigate alleged misconduct of an alternate juror.  We affirm.

---

[4]  The death of the landowner's father, Harry Furomoto, and thus the approximate date of the move, was corroborated by his obituary, which was admitted into evidence.

**(1)** First, challenging Minor's credibility and competency, Gonzaga contends that there was insufficient evidence adduced at trial to support his conviction.

Gonzaga argues Minor was not credible as she "claimed that 'God' was 'speaking through her.'" However, "it is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses." State v. Pulse, 83 Hawai'i 229, 244-45, 925 P.2d 797, 812-13 (1996) (brackets omitted).

Gonzaga also argues the circuit court committed plain error by not ordering a hearing on Minor's competency to testify. According to Gonzaga, Minor's testimony called into question her competency to testify pursuant to Hawai'i Rules of Evidence (**HRE**) Rule 603.1 and that, under State v. Kelekolio, 74 Haw. 479, 849 P.2d 58 (1993), the circuit court was required to order sua sponte a competency hearing for Minor "once [Minor] began claiming that she was no longer testifying herself, and that instead 'God' was testifying 'for her'." Gonzaga also argues that Minor's "claimed divine intervention" made it "impossible to successfully impeach her."

As an initial matter, Gonzaga misstates Minor's testimony. While it is true that Minor initially testified "God just comes in and he speaks for me," she clarified on redirect that God "wasn't speaking for me. It was me speaking, but he

5

was speaking through me." She explained that her faith in God helped her overcome her fear of speaking about her experiences. And Minor testified that being asked questions by the attorneys "triggered" memories that she had tried to forget.

Turning to Gonzaga's argument, under HRE Rule 603.1, "[a] person is disqualified to be a witness if the person is (1) incapable of expressing oneself so as to be understood, either directly or through interpretation by one who can understand the person, or (2) incapable of understanding the duty of a witness to tell the truth."

In Kelekolio, the Hawai'i Supreme Court held that a trial court commits plain error where a complainant's competency to testify is reasonably called into question and the trial court does not engage in an independent inquiry and make express findings as to competency. 74 Haw. at 528, 849 P.2d at 80. There, a "Handi-Van" driver was convicted of kidnapping and sexually assaulting his lone passenger, a woman with Down's Syndrome and "the cognitive level of a four- to seven-year-old child." Id. at 486-87, 849 P.2d at 62-63. The court noted the trial court made no finding of competency despite complainant's competency to testify being reasonably called into question because:

6

> (1) when asked whether lying was good or bad, the
> complainant responded, "Good"; (2) the complainant was
> unable to identify Kelekolio, who was present in court,
> although she repeatedly referred to him in her testimony by
> name; and (3) the complainant did not appear to understand
> the meaning of particular sexual and other terms (i.e.,
> "rape" and "kidnap") that she employed in her testimony.

Id. at 528, 849 P.2d at 80.

Unlike Kelekolio, nothing in the record suggests that Minor did not understand relevant sexual or other terms during her trial testimony at the age of sixteen. See HRE Rule 603.1. Similarly, nothing in the record suggests that Minor suffered from any cognitive impairment that would limit her understanding of her duty to tell the truth. See id. Minor explained the differences in her testimony at trial and when she first reported the abuse as resulting from her age and lack of experience at the time of the sexual abuse compared to her increased knowledge at the time of trial: "I didn't even know what the heck half of the things were called that he was doing to me. I was just saying what happened. I was so innocent and young." The facts here differ materially from those of Kelekolio.

Because Minor's competency had not been reasonably called into question, a competency hearing was not required. Thus, the circuit court did not plainly err.

**(2)** In his second point of error, Gonzaga contends that, under State v. Modica, 58 Haw. 249, 567 P.2d 420 (1977), and State v. Sasai, 143 Hawaiʻi 285, 429 P.3d 1214 (2018), he

should have instead been charged with a single count of
Continuous Sexual Assault of a Minor Under the Age of Fourteen
Years (**Continuous Sexual Assault**), in violation of HRS § 707-
733.6(1) (2014).[5]

In Modica, the Hawaiʻi Supreme Court explained, where
the proof for two separate crimes is identical, a conviction
under the statute prescribing the more severe sentence violates
due process and equal protections under the law.  58 Haw. at
251, 567 P.2d at 422.  The "chief concern" of the Modica rule,

---

[5]  HRS § 707-733.6, "Continuous sexual assault of a minor under the age
of fourteen years," provides:

>      (1)    A person commits the offense of continuous
> sexual assault of a minor under the age of fourteen years
> if the person:
>
>      (a)    Either resides in the same home with a minor
>             under the age of fourteen years or has
>             recurring access to the minor; and
>
>      (b)    Engages in three or more acts of sexual
>             penetration or sexual contact with the minor
>             over a period of time, while the minor is under
>             the age of fourteen years.
>
>      (2)    To convict under this section, the trier of
> fact, if a jury, need unanimously agree only that the
> requisite number of acts have occurred; the jury need not
> agree on which acts constitute the requisite number.
>
>      (3)    No other felony sex offense involving the same
> victim may be charged in the same proceeding with a charge
> under this section, unless the other charged offense
> occurred outside the period of the offense charged under
> this section, or the other offense is charged in the
> alternative.  A defendant may be charged with only one
> count under this section, unless more than one victim is
> involved, in which case a separate count may be charged for
> each victim.
>
>      (4)    Continuous sexual assault of a minor under the
> age of fourteen years is a class A felony.

the Hawai'i Supreme Court has emphasized, is limiting

"[u]nbridled prosecutorial discretion." Sasai, 143 Hawai'i at

296, 429 P.3d at 1225.

The Hawai'i Supreme Court subsequently restated the

Modica rule in Sasai:

> In sum, the Modica rule requires the court to answer
> three questions:  (1) whether defendant's alleged conduct
> is punishable under either of two statutory provisions;
> (2) whether the elements of proof essential to conviction
> under the statutes are exactly the same; and, (3) whether
> the punishment for the offense with which the defendant was
> charged or convicted is greater than the punishment for the
> alternative offense.

Id. at 296, 429 P.3d at 1225 (citing Modica, 58 Haw. at 250-51,

567 P.2d at 421-22).  Because the Modica test is stated in the

conjunctive, all three prongs must be satisfied for a charging

instrument to violate Modica.  See, e.g., State v. Whitley, 65

Haw. 486, 487, 654 P.2d 354, 355 (1982) (per curiam) (explaining

that where a test is stated in the conjunctive, all prongs of

the test must be satisfied to prevail).

Focusing on the second prong, the elements of the two

offenses are not "exactly the same."  See Sasai, 143 Hawai'i at

296, 429 P.3d at 1225.  Continuous Sexual Assault requires proof

of three or more acts of penetration and that Gonzaga resided

with or had recurring access to Minor.  Sexual Assault in the

First Degree does not.  Contrast HRS § 707-733.6(1)(a), with HRS

§ 707-730(1)(b); see State v. Barrios, 139 Hawai'i 321, 335, 389

P.3d 916, 930 (2016) (explaining that "the State believed it was

9

able to obtain convictions in individual counts of sexual assault, and charged Barrios accordingly," and "it was within the circuit court's discretion to sentence Barrios according to the number of felonies for which he was convicted instead of following the required sentence for a single conviction of continuous sexual assault").

Thus, contrary to Gonzaga's contention, the circuit court did not abuse its discretion by denying his motion to dismiss based on Modica.

**(3)** Third, Gonzaga challenges the circuit court's jury instructions on the basis that Jury Instruction 14[6] was

---

[6] Jury Instruction 14, as read to the jury, provided:

> During the trial you heard the testimony of one or more witnesses who were described as experts.
>
> Training and experience may make a person an expert in a particular field. The law allows that person to state an opinion about matters in that field. Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. It is up to you to decide whether to accept this testimony and how much weight to give it. You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.
>
> In this case, you heard testimony from William Kepler, M.D. Dr. Kepler described the physical examination that he conducted of [Minor] and his findings. It is up to you to decide whether to accept or reject this testimony and if accepted how much weight to give it.
>
> Dr. Kepler did not reach any conclusions or render any opinions on the cause of what he found during his physical examination of [Minor]. <u>You may not consider that testimony as evidence that the defendant had sexually penetrated or contacted [Minor].</u>

(Formatting altered and emphasis added.) Gonzaga did not object to the instruction as read to the jury.

misleading.  Specifically, Gonzaga argues, Jury Instruction 14 "ostensibly left the jury wondering why Dr. Kepler's expert testimony was admitted at all if they were not allowed to consider it for the very purpose for which it was offered — i.e., to evaluate whether the physical findings were consistent with sexual penetration, or not consistent."

> When jury instructions or the omissions thereof are at issue on appeal, the standard of review is <u>whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading</u>. . . . In that context, <u>the real question becomes whether there is a reasonable possibility that error might have contributed to conviction</u>.  If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

<u>State v. Masuda-Mercado</u>, 157 Hawaiʻi 116, 124, 575 P.3d 749, 757 (2025) (quoting <u>State v. Nichols</u>, 111 Hawaiʻi 327, 334, 141 P.3d 974, 981 (2006)).

Dr. Kepler testified that the two deep hymenal notches observed during his examination of Minor were consistent with - but not conclusive of - a history of sexual penetration.  The circuit court instructed the jury, "You may not consider that testimony as evidence that the defendant had sexually penetrated or contacted [Minor]."

Effectively, this limiting instruction precluded the jury from concluding, based on Dr. Kepler's testimony alone, that Gonzaga sexually assaulted Minor.  This instruction was not inconsistent or misleading as Dr. Kepler had no medical basis to

11

opine that Gonzaga sexually assaulted Minor. And Gonzaga makes no other argument as to how any potential error might have contributed to his conviction.

Therefore, the circuit court's instruction did not amount to reversible error.

**(4)** Fourth, Gonzaga contends the circuit court abused its discretion by failing "to clarify the record after the polling elicited further confusion and inconsistency on the verdict, and raised serious questions as to the unanimity of the guilty verdict."

Here, the circuit court polled the jury as to Count Six to ensure unanimity. The record reflects that there was initial confusion about which count was being polled. However, the circuit court then took steps to clarify that it was polling as to Count Six, at which point polling of the jury showed unanimity as to result: guilty as charged.

Gonzaga argues, "The trial court's failure to conduct further inquiry into the confusing status of the juror's unanimous agreement as to guilt, Defendant's fundamental right to a fair trial was violated." However, Gonzaga points to nothing in the record evincing confusion or inconsistency after the circuit court took appropriate steps to confirm the unanimity of the verdict. Indeed, the juror's ultimate response was identical to every other juror polled.

12

On this record, we cannot conclude that the circuit court abused its discretion.

**(5)** Finally, Gonzaga contends that the circuit court erred in denying his request for further investigation of alleged misconduct by an alternate juror because the circuit court did not follow the procedure required under State v. Chin, 135 Hawai'i 437, 353 P.3d 979 (2015). Specifically, Gonzaga argues that "[t]he record plainly indicates evidence that an alternate juror discussed the case with a co-worker during trial and debated Defendant's guilt prior to close of evidence" and that "[t]his was enough evidence to necessitate and trigger an inquiry of the alternate juror."

Under controlling caselaw, if the court determines the juror's conduct rises to the level of potentially substantial prejudice, it must then investigate the totality of the circumstances. Chin, 135 Hawai'i at 445, 353 P.3d at 987.

Here, the record shows that the circuit court investigated the alleged misconduct at an evidentiary hearing. The court concluded, based on the credible testimony before it, that the alternate juror's conduct did not have the potential to substantially prejudice Gonzaga's right to a fair trial, because the alternate juror played no part in deciding the case and there was no evidence of misconduct by any other juror.

13

Based on the foregoing, the circuit court did not abuse its discretion by concluding that, on the record before it, Gonzaga had failed to establish a prima facie showing that the complained of conduct could have substantially prejudiced his right to a fair trial because the alternate juror's statements, while inappropriate, were essentially benign and the alternate juror played no role in rendering a verdict.

Based on the foregoing, we affirm the circuit court's April 11, 2024 Judgment of Conviction and Sentence.

DATED:  Honolulu, Hawai'i, January 27, 2026.

| On the briefs: | /s/ Katherine G. Leonard<br>Presiding Judge |
|---|---|
| Brandon M. Segal,<br>for Defendant-Appellant. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Gerald K. Enriques,<br>Deputy Prosecuting Attorney,<br>County of Maui,<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |